UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FELIX DOMINGUEZ-RIVERA, | |
| Plaintiff, | CIVIL ACTION NO. 1:20-CV-02413 |
| v. | (MEHALCHICK, M.J.) |
| JACK J. MCMAHON, | |
| Defendant. | |

## MEMORANDUM

Presently before the Court is Defendant Jack J. McMahon's ("McMahon") Motion to Dismiss for Failure to State a Claim under Fed. R. Civ. P. 12(b)(6). (Doc. 9). *Pro se* prisoner-plaintiff Felix Dominguez-Rivera ("Dominguez-Rivera") commenced the above-captioned civil rights action on December 22, 2020, alleging a violation of his Sixth Amendment right that resulted in a term of imprisonment exceeding what Dominguez-Rivera claims he otherwise would have faced but for Defendant's ineffective assistance of counsel. (Doc. 1, at 1-2). Dominguez-Rivera seeks recovery of fees paid and compensation for damages suffered. (Doc. 1, at 1). In the motion, McMahon contends that Dominguez-Rivera fails to allege facts to support a *prima facia* claim of ineffective assistance of counsel under the Sixth Amendment. (Doc. 9, at 9). For the following reasons, the motion shall be **DENIED**. (Doc. 13).

I. **BACKGROUND AND PROCEDURAL HISTORY**

Dominguez-Rivera is a *pro se* prisoner currently incarcerated at Federal Correctional Institution at Berlin ("FCI-Berlin") in Coos County, New Hampshire. (Doc. 1, at 3-4). Dominguez-Rivera pled guilty to charges of distribution, possession with intent to distribute heroin and cocaine base, and being a felon in unlawful possession of a firearm. (Doc. 1, at 3-

4); (Doc. 9, at 2). This case arises out of Defendant's representation of Dominguez-Rivera in the matter of *United States v. Dominguez-Rivera*, No. 1:14-CR-00088, 2018 WL 1532951 (M.D. Pa. Mar. 29, 2018). (Doc. 1, at 3); (Doc. 9, at 2). On April 2, 2014, Dominguez-Rivera was arrested and indicted in the United States District Court for the Middle District of Pennsylvania for possession with intent to distribute a controlled substance. *Dominguez-Rivera*, No. 1:14-CR-00088, ECF No. 1; (Doc. 1, at 3). Dominguez-Rivera's wife retained McMahon to represent him in the underlying criminal case for a sum of $20,000. (Doc. 1, at 3). Defendant entered his appearance on behalf of Dominguez-Rivera on April 18, 2014. *Dominguez-Rivera*, No. 1:14-CR-00088, ECF No. 20; (Doc. 1, at 3); (Doc. 9, at 2). On November 12, 2014, a Superseding Indictment charged Dominguez-Rivera with (1) distribution and possession with intent to distribute more than 100 grams of heroin in violation of 21 U.S.C. § 841; (2) distribution and possession with intent to distribute more than 28 grams of cocaine base in violation of 21 U.S.C. § 841; (3) being a felon in unlawful possession of a firearm in violation of 18 U.S.C. § 922(g); and (4) possession of a firearm in furtherance of drug trafficking crime. (Doc. 1, at 3-4); (Doc. 9, at 3).

On October 30, 2015, Dominguez-Rivera entered a Plea Agreement, pleading guilty to Counts I, II, and III of the Superseding Indictment.[1] *Dominguez-Rivera*, No. 1:14-CR-00088,

---

[1] The Plea Agreement provides that the minimum mandatory sentence for Counts I and II are 5 years imprisonment and the maximum sentence for all charges is 90 years imprisonment. *Dominguez-Rivera*, No. 1:14-CR-00088, ECF No. 75, at 4. The Plea Agreement states: "The defendant and counsel for both parties agree that the United States Sentencing Commission Guidelines . . . will apply to the offense or offenses to which the defendant is pleading guilty." *Dominguez-Rivera*, No. 1:14-CR-00088, ECF No. 75, at 8. Further, the Plea Agreement states that because it is not a party bound to the Agreement, "the court is free to impose upon the defendant any sentence up to and including the maximum sentence of imprisonment for 90 years . . ." *Dominguez-Rivera*, No. 1:14-CR-00088, ECF No. 75, at 14. Finally, the Plea Agreement provides that "the defendant knowingly waives the right to appeal the conviction and sentence," whether constitutional or non-constitutional,

2

ECF No. 75; (Doc. 1-1, at 2); (Doc. 9, at 3). On March 23, 2016, following the entry of Dominguez-Rivera's plea, the Government rendered a Presentence Investigation Report (the "PSR") determining that Plaintiff was a "career offender" and an "armed career criminal," based on, among other offenses, a 1996 Connecticut conviction, under Conn. Gen. Stat. § 21a-277(a), for the sale of heroin. *Dominguez-Rivera*, No. 1:14-CR-00088, ECF No. 83; (Doc. 1-1, at 2); (Doc. 9, at 4). The classification as a career offender exposed Dominguez-Rivera to a sentencing range of 188-235 months. (Doc. 1-1, at 2); (Doc. 9, at 4). But for the application of the career offender enhancement, Dominguez-Rivera's sentencing range would have been 92-115 months. (Doc. 1-1, at 2). On April 22, 2016, McMahon filed Objections to the PSR, challenging the Government's "career offender" and "armed career criminal" designations. *Dominguez-Rivera*, No. 1:14-CR-00088, ECF No. 89; (Doc. 9, at 5). On August 9, 2016, the Court sustained the Objection to Dominguez-Rivera's "armed career criminal" classification and overruled the Objection to Dominguez-Rivera's "career offender" designation, finding that his prior drug offense and first-degree assault offense were appropriate predicates for the career offender status. (Doc. 9, at 5-6).

In the meantime, on June 23, 2016, the United States Supreme Court decided *Mathis v. United States*, holding that a conviction under Iowa burglary statute, Iowa Code § 702.12 (2013), is not a predicate violent felony for purposes of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(a), because the elements of the statute "cover a greater swath of conduct than the elements of the relevant ACCA offense (generic burglary)." 136 S. Ct. 2243, 2251 (2016). On December 30, 2016, McMahon filed a Sentencing Memorandum and

---

"including, but not limited to, the manner in which that sentence was determined in light of *United States v. Booker*, 543 U.S. 220 (2005)." *Dominguez-Rivera*, No. 1:14-CR-00088, ECF No. 75, at 17.

3

Motion for Departure, seeking a prison sentence below the range suggested by the advisory guidelines. (Doc. 9, at 6). On January 9, 2017, Dominguez-Rivera was sentenced to a term of 168 months on Counts I and II to be served concurrently and a term of 120 months on Count III to be served concurrently with Counts I and II. (Doc. 1-1, at 2); (Doc. 9, at 6). On January 17, 2017, McMahon filed a Notice of Appeal and withdrew as counsel on January 19, 2017. (Doc. 9, at 6). On August 18, 2017, the United States Court of Appeals for the Third Circuit granted the Government's Motion to Enforce the Waiver Provision of Plaintiff's Plea Agreement, terminating Dominguez-Rivera's appeal. (Doc. 1, at 5); (Doc. 9, at 6).

On September 14, 2017, proceeding *pro se*, Dominguez-Rivera filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, alleging that McMahon's representation during sentencing violated his Sixth Amendment guarantee of effective representation when he failed to argue that Dominguez-Rivera's 1996 Connecticut conviction for the sale of heroin did not constitute a "career offender" predicate "controlled substance offense" in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016). (Doc. 1, at 5); (Doc. 9, at 7). On March 29, 2018, the Court denied the motion, finding that McMahon's performance did not fall below an objective standard of reasonableness and that any errors by McMahon did not prejudice the defense under *Strickland v. Washington*, 466 U.S. 668, 687-92 (1984). *Dominguez-Rivera*, 2018 WL 1532951, at *2-3. On May 30, 2018, Dominguez-Rivera filed a Notice of Appeal of the Order dismissing his Motion to Vacate, Set Aside, or Correct Sentence. (Doc. 1, at 6); (Doc. 9, at 8). The Court of Appeals issued a Certificate of Appealability permitting Dominguez-Rivera to raise two issues: (1) whether McMahon was ineffective for failing to argue that Dominguez-Rivera's 1996 conviction was not a "controlled substance offense" for purposes of the career offender classification under the United States

Sentencing Guidelines; and (2) whether McMahon failed to argue that the documents of record did not permit application of the modified categorical approach in accordance with *Mathis*. (Doc. 1, at 6-7); (Doc. 9, at 8); *see* 136 S. Ct. 2243 (2016).

On April 24, 2020, the Third Circuit vacated and remanded *Dominguez-Rivera*, 2018 WL 1532951, for resentencing, finding that Dominguez-Rivera met both prongs of *Strickland* for ineffective assistance of counsel. *United States v. Dominguez-Rivera*, 810 F. App'x 110, 114 (3d Cir. 2020); *see* 466 U.S. 668 (1984). On February 23, 2021, the Middle District filed an Amended Judgment, reducing Dominguez-Rivera's sentence to 135 months on Counts I and II and 120 months on Count II to run concurrently. *Dominguez-Rivera*, No. 1:14-CR-00088, ECF No. 75, at 159; (Doc. 9, at 9).

On December 22, 2020, Dominguez-Rivera filed the instant Complaint against McMahon. (Doc. 1). On May 17, 2021, McMahon filed a Motion to Dismiss for Failure to State a Claim, arguing that Dominguez-Rivera's Complaint should be dismissed with prejudice because he failed to allege facts to support a *prima facie* claim of ineffective assistance of counsel under the Sixth Amendment. (Doc. 9). The motion is fully briefed and ripe for review. (Doc. 9; Doc. 11; Doc. 14; Doc. 15).

    A. <u>Rule 12(b)(6) Motion to Dismiss Standard</u>

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal

claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements which make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions…'" *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). The court also need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed

in the light most favorable to the plaintiff. *Jordan*, 20 F.3d at 1261. This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the United States*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

Additionally, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, a well-pleaded complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action. There is no requirement that the pleading be specific or probable. *Schuchardt*, 839 F.3d at 347 (citing *Phillips v. County of Allegheny*, 515 F.3d at 224, 233-234 (3d Cir. 2008). Rule 8(a) requires a "showing that 'the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (quoting Fed. R. Civ. P. 8(a)(2)); *see also Phillips*, 515 F.3d at 233 (citing *Twombly*, 550 U.S. at 545).

With the aforementioned standards in mind, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, *pro se* plaintiffs are still subject to the base pleading requirements of Rule 8. *Rhett v. New Jersey State Superior Court*, 260 F. App'x 513 (3d Cir. 2008).

### II. DISCUSSION

McMahon argues that the Complaint should be dismissed with prejudice because Dominguez-Rivera fails to allege facts to support a *prima facie* claim of ineffective assistance of counsel under the Sixth Amendment. (Doc. 9, at 9). Specifically, Defendant asserts that Dominguez-Rivera fails to allege facts to support a claim that he failed to follow professional standards or that there is a "reasonable probability" that poor representation affected the outcome of the case. (Doc. 11, at 10, 13).

The Sixth Amendment to the United States Constitution provides that a criminal defendant is entitled to reasonably effective assistance of counsel. *See* U.S. Const. amend. VI. In order to successfully demonstrate ineffective assistance of counsel, a petitioner must establish that (1) the performance of counsel fell below an objective standard of reasonableness; and (2) the errors of counsel prejudiced the defense. *Strickland*, 466 U.S. at 687-92.

The first prong of the *Strickland* test requires Dominguez-Rivera to show that counsel's performance was actually deficient. *Jermyn v. Horn*, 266 F.3d 257, 282 (3d Cir. 2001); *see* 466 U.S. 668 (1984). A court "deciding an actual ineffectiveness claim must judge the reasonableness of the counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Strickland*, 466 U.S. at 690. Counsel's conduct presumptively "falls within the wide range of reasonable professional assistance," and the defendant "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689-90 (quoting *Michel v. Louisiana*, 350 U.S. 91, 93 (1955)).

The second prong of the *Strickland* test requires that Plaintiff show that the deficient

performance so prejudiced the defense as to raise doubt as to the accuracy of the outcome of the trial or sentence. *See* 466 U.S. at 693-94. The petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Jermyn,* 266 F.3d at 282 (quoting *Strickland,* 466 U.S. at 693). A "reasonable probability," for the purposes of establishing prejudice, is "a probability sufficient to undermine confidence in the outcome." *Jermyn,* 266 F.3d at 282. An error in calculating a Guidelines range "can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error." *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1907 (2018) (quoting *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345 (2016))

Only after both prongs of the analysis have been met will the petitioner have asserted a successful ineffective assistance of counsel claim. Moreover, "judicial scrutiny of an attorney's competence is highly deferential." *Diggs v. Owens,* 833 F.2d 439, 444–45 (3d Cir. 1987). "[A]n attorney is presumed to possess skill and knowledge in sufficient degree to preserve the reliability of the adversarial process and afford his client the benefit of a fair trial." *Diggs,* 833 F.2d at 445. "Nevertheless, if 'from counsel's perspective at the time of the alleged error and in light of all the circumstances' it appears that counsel's actions were unreasonable, the court must consider whether that error had a prejudicial effect on the judgment." *Diggs,* 833 F.2d at 445. (citation omitted).

    A.  D<span style="font-variant:small-caps">eficient</span> R<span style="font-variant:small-caps">epresentation</span>

Plaintiff's burden on the deficiency prong is to show that "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. "A court considering a claim of ineffective assistance must apply a strong presumption that counsel's representation was within the wide range of reasonable professional assistance. The

challenger's burden is to show that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Harrington v. Richter,* 131 S. Ct. 770, 787 (2011) (internal quotations omitted). The proper standard for evaluating objective reasonableness is, as a general guideline, "reasonably effective assistance" under "prevailing professional norms." *Strickland,* 466 U.S. at 687–89.

In the Complaint, Dominguez-Rivera contends that Defendant's performance fell below the minimum standards articulated in *Strickland*, which "critically and prejudicially abridged Dominguez-Rivera's constitutionally guaranteed 6th Amendment right to competent 'effective' assistance of counsel." (Doc. 1, at 2); *see* 466 U.S. at 687-92. Dominguez-Rivera asserts that Defendant did not effectively communicate the nuances of his case and level of penalty face, did not advocate on his behalf, and allegedly engaged in "financial and emotional blackmail." (Doc. 1, at 12). Specifically, Dominguez-Rivera alleges that Defendant failed to use *Mathis* during sentencing to argue that his 1996 Connecticut conviction for possession of heroin with intent to sell did not constitute a "career offender" predicate controlled substance offense. (Doc. 1, at 7); *see* 136 S. Ct. 2243 (2016).

In the Motion, Defendant claims that he could not have raised a challenge under *Mathis* before Dominguez-Rivera's sentencing because *Mathis* was decided on June 23, 2016, after Defendant filed Objections to Dominguez-Rivera's 2016 PSR. *Dominguez-Rivera*, No. 1:14-CR-00088, ECF No. 89; *see* 136 S. Ct. 2243 (2016). In the Objections, Defendant challenged the Government's "career offender" and "armed career criminal" designations, pursuant to the Government's sentencing range of 188-235 months with a 15-year minimum sentence for Count III. *Dominguez-Rivera*, No. 1:14-CR-00088, ECF No. 89, at 4-6; (Doc. 11, at 10); (Doc. 15, at 4). Further, Defendant contends that Dominguez-Rivera has received the

benefit of resentencing in light of *Mathis* and has been appropriately re-sentenced without prejudice. (Doc. 9, at 6); *see* 136 S. Ct. 2243 (2016). In response, Dominguez-Rivera argues that Defendant's counsel was ineffective for his failure to request a continuance of the matter until the outcome of *Mathis* and its determination of how it would apply to his particular case. (Doc. 14, at 4); *see* 136 S. Ct. 2243 (2016). Dominguez-Rivera asserts that at the time of sentencing, on January 9, 2017, *Shepard*, *Otero*, and *Mathis* had all been decided and there is no "savings clause or reasonable excuse" for Defendant's failure to raise a proper challenge. (Doc. 1, at 11).[2]

Dominguez-Rivera has proffered sufficient facts in the Complaint to support his claim that Defendant's counsel was a deficient performance that fell below professional standards. (Doc. 1, at 2); *see Strickland,* 466 U.S. at 689 ("[T]he purpose of the effective assistance guarantee of the Sixth Amendment is not to improve the quality of legal representation…. The purpose is simply to ensure that criminal defendants receive a fair trial."). Dominguez-Rivera alleges that due to Defendant's deficiency of effective assistance, he was erroneously sentenced as a career offender and subjected to a sentencing range of 188-235 months. (Doc. 1, at 2). Upon application of the proper objections, Dominguez-Rivera contends that his

---

[2] *Shepard v. United States,* 544 U.S. 13, 13 (2005) (when a divisible statute is involved, the court's inquiry into the nature of the offense of conviction "is limited to the terms of the charging document, to the terms of a plea agreement or transcript of colloquy between judge and defendant in which the defendant confirmed factual basis for the plea, or to some comparable judicial record of this information."). *United States v. Otero*, 502 F.3d 331, 337 (3d Cir. 2007) (prejudice prong of *Strickland* satisfied if counsel's deficient performance "resulted in a specific, demonstrable enhancement in sentencing – such as an automatic increase for a 'career' offender or an enhancement for use of a handgun during a felony – which would not have occurred but for counsel's error."). *Mathis,* 136 S. Ct. at 2251 (conviction under state burglary statute is not a predicate violent felony for purposes of the ACCA because the elements of the statute "cover a greater swath of conduct than the elements of the relevant ACCA offense (generic burglary).").

offense sentencing range would have been reduced to 70-87 months. (Doc. 1, at 9). The *Mathis* decision predated Dominguez-Rivera's sentencing and Defendant did not have a legitimate strategic purpose for not citing this case to challenge the career offender designation. *See* 136 S. Ct. at 2249. There is a "duty to make reasonable investigations of the law" and "cite favorable decisions," as such failing to raise "readily available" authorities may be deficient. *Otero*, 502F.3d at 366. Thus, Defendant's failure to assert the proper objection under *Mathis* could be "rendered ineffective assistance." *See Jansen v. United States*, 369 F.3d 237, 244 (3d Cir. 2004) (where an attorney "fails to object to an improper enhancement under the Sentencing Guidelines, counsel has rendered ineffective assistance."); *see also* 136 S. Ct. 2243 (2016). Accepting the veracity of the allegations in the Complaint, the Court finds that Dominguez-Rivera asserts sufficient facts to establish the first prong of the *Strickland* test. *See* 466 U.S. at 689; *see also Jordan*, 20 F.3d at 1261.

### B. "Reasonable Probability" of Prejudice

In the Motion, Defendant argues that Dominguez-Rivera fails to allege that there is a "reasonable probability" that poor representation affected the outcome of the case. (Doc. 9, at 13). In the Complaint, Dominguez-Rivera claims that Defendant "did not effectively communicate with [Dominguez-Rivera] regarding the nuances of his case and the level of penalty he faced." (Doc. 1, at 12). According to Dominguez-Rivera, Defendant's failure to challenge the PSR for use of his 1996 Conviction as a "career offender" predicate under *Mathis* resulted in a longer prison sentence than he would have otherwise received. (Doc. 1, at 9); *see* 136 S. Ct. 2243 (2016). Additionally, Dominguez-Rivera allegedly requested that Defendant seek a continuance in light of the *Mathis* decision. (Doc. 1, at 11); *see* 136 S. Ct. 2243 (2016). Dominguez-Rivera's affidavit, dated November 30, 2020, states:

> So sentencing day came, and I spoke to [Defendant] that we needed a continuance due to case law that could help me challenge one of the predicates being used against me towards my career offender status which he answered my request by telling me that (Mathis) could not be used due to it not being decided on our circuit. He also stated that we must move forward because Judge Jones was upset with our delay of case, an[d] things could turn out a lot worst for us.

(Doc. 1-1, at 15); *see* 136 S. Ct. 2243 (2016).

Dominguez-Rivera contends that had he received the appropriate 70-87 months sentencing scheme, his sentence would nearly be over at the time of the filing of his Complaint. (Doc. 1, at 10). "Absent the miscalculation of his sentencing guidelines[, Dominquez-Rivera's sentencing] range would have been materially lower." (Doc. 1, at 11).

Defendant argues that Dominguez-Rivera was not prejudiced by unnecessary time served because his sentence was reduced from 160 months to 135 months after the Third Circuit remanded the case for resentencing. (Doc. 9, at 14); *see Dominguez-Rivera*, 810 F. App'x at 113. Although Dominguez-Rivera received a reduction in his sentence, the Complaint alleges sufficient facts to establish that there may be a "reasonable probability that, but for [Defendant's] unprofessional errors, the results of the proceedings would have been different." *Jermyn,* 266 F.3d at 282 (quoting *Strickland,* 466 U.S. at 693); *see Rosales-Mireles*, 138 S. Ct. at 1907 (an error in calculating a sentencing guideline range "can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error"). In fact, on April 24, 2020, the Third Circuit vacated and remanded the underlying criminal case for resentencing, finding that Defendant's ineffective assistance of counsel prejudiced Dominguez-Rivera, resulting in a "different outcome absent the error.". *Dominguez-Rivera,* 810 F. App'x at 114; *see Rosales-Mireles,* 138 S. Ct. at 1907. Accepting the veracity of the allegations in the Complaint, the Court finds sufficient facts to establish the second prong of

the *Strickland* test. *See* 466 U.S. at 687-92; *see also* Jordan, 20 F.3d at 1261.

### III. CONCLUSION

In the Complaint, Dominguez-Rivera alleges sufficient facts to support a *prima facia* case of ineffective assistance of counsel under the Sixth Amendment against Defendant. *See* U.S. Const. amend. VI; *Strickland*, 466 U.S. at 687-92. For the foregoing reasons, Defendant's Motion to Dismiss for Failure to State a Claim is **DENIED**. (Doc. 13).

BY THE COURT:

Dated: December 28, 2021

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**Chief United States Magistrate Judge**